**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| COMMWORKS SOLUTIONS, LLC, | § | |
| | § | |
| Plaintiff, | § | Civil Action No.: 6:23-cv-00835-FB |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| EXTREME NETWORKS, INC., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT EXTREME NETWORKS, INC.'S ANSWER AND DEFENSES

Defendant Extreme Networks, Inc. ("Extreme Networks" or "Defendant") hereby respectfully demands a trial by jury on all triable issues and submits this Answer and these Defenses in response to the Complaint for Patent Infringement ("Complaint") filed by CommWorks Solutions, LLC ("CommWorks" or "Plaintiff"). Any allegation in the Complaint not specifically admitted herein is denied. Defendant denies any allegations that may be implied by the headings of the Complaint.

## PARTIES

1. Extreme Networks is without knowledge or information sufficient to admit or deny the allegations in paragraph 1 of the Complaint, and on that basis, denies them.

2. In response to paragraph 2, Extreme Networks admits that it is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 2121 RDU Center Drive, Morrisville, NC 27560. Extreme Networks admits that it may be served through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX, 75201. Extreme Networks admits that it is registered to do business in the State of Texas and has been since at least October 11, 2000.

3. Extreme Networks denies the allegations in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Paragraph 4 contains legal conclusions to which no answer is required. If an answer is required, Extreme Networks admits that the Complaint purports to be an action arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, for infringement by Extreme Networks of claims of U.S. Patent No. 6,832,249 ("'249 Patent"); U.S. Patent No. 7,027,465 ("'465 Patent"); U.S. Patent No. 7,760,664 ("'664 Patent"); and U.S. Patent No. RE44,904 ("'904 Patent") (collectively, "Patents-in-Suit"). However, Extreme Networks denies there is a legal or factual basis for such an action.

5. Paragraph 5 contains legal conclusions to which no answer is required. If an answer is required, Extreme Networks admits that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Paragraph 6 contains legal conclusions to which no answer is required. If an answer is required, Extreme Networks admits that this Court has personal jurisdiction over it because Extreme Networks sells and/or has sold at least some of the accused products and services to customers in Texas including within the Western District of Texas. Extreme Networks otherwise denies the allegations in paragraph 6, and specifically (1) denies that it maintains a regular and established place of business in the Western District of Texas; (2) denies that it provides infringing products and services to residents of the Western District of Texas; and (3) denies that it infringes or has infringed the Patents-in-Suit.

7. Paragraph 7 contains legal conclusions to which no answer is required. If an answer is required, Extreme Networks denies venue is proper in the Western District of Texas because Extreme Networks does not maintain a regular and established place of business in the

Western District of Texas. Extreme Networks also avers that venue is not convenient in the Western District of Texas, and Extreme Networks plans to move to transfer this case under 28 U.S.C. § 1404. Extreme Networks otherwise denies the allegations in paragraph 7, and specifically denies that it has infringed or is infringing the Patents-in-Suit.

**BACKGROUND**

8. Extreme Networks admits that the ’249 Patent is entitled “Globally Accessible Computer Network-Based Broadband Communication System With User-Controllable Quality of Information Delivery and Flow Priority” and December 14, 2004 is listed as the issuance date on the face of the ’249 Patent. Extreme Networks otherwise denies the allegations in paragraph 8 of the Complaint.

9. Paragraph 9 contains legal conclusions to which no answer is required. If an answer is required, Extreme Networks admits paragraph 9 includes statements where Plaintiff cites the specification of the ’249 Patent for support. Extreme Networks otherwise denies the allegations in paragraph 9 of the Complaint, and specifically denies any claim of the ’249 Patent is inventive or novel.

10. Paragraph 10 contains legal conclusions to which no answer is required. If an answer is required, Extreme Networks admits paragraph 10 includes statements where Plaintiff cites the specification of the ’249 Patent for support. Extreme Networks otherwise denies the allegations in paragraph 10 of the Complaint, and specifically denies any claim of the ’249 Patent is inventive or novel.

11. Extreme Networks admits that the ’465 Patent is entitled “Method for Contention Free Traffic Detection” and April 11, 2006 is listed as the issuance date on the face of the ’465 Patent. Extreme Networks otherwise denies the allegations in paragraph 11 of the Complaint.

12. Paragraph 12 contains legal conclusions to which no answer is required. If an answer is required, Extreme Networks admits paragraph 12 includes statements where Plaintiff cites the specification of the '465 Patent for support. Extreme Networks otherwise denies the allegations in paragraph 12 of the Complaint, and specifically denies any claim of the '465 Patent is inventive or novel.

13. Paragraph 13 contains legal conclusions to which no answer is required. If an answer is required, Extreme Networks admits paragraph 13 includes statements where Plaintiff cites the specification of the '465 Patent for support. Extreme Networks otherwise denies the allegations in paragraph 13 of the Complaint, and specifically denies any claim of the '465 Patent is inventive or novel.

14. Extreme Networks admits that the '664 Patent is entitled "Determining and Provisioning Paths in a Network" and July 20, 2010 is listed as the issuance date on the face of the '664 Patent. Extreme Networks otherwise denies the allegations in paragraph 14 of the Complaint.

15. Paragraph 15 contains legal conclusions to which no answer is required. If an answer is required, Extreme Networks admits paragraph 15 includes statements where Plaintiff cites the specification of the '664 Patent for support. Extreme Networks otherwise denies the allegations in paragraph 15 of the Complaint, and specifically denies any claim of the '664 Patent is inventive or novel.

16. Paragraph 16 contains legal conclusions to which no answer is required. If an answer is required, Extreme Networks admits paragraph 16 includes statements where Plaintiff cites the specification of the '664 Patent for support. Extreme Networks otherwise denies the

allegations in paragraph 16 of the Complaint, and specifically denies any claim of the ’664 Patent is inventive or novel.

17. Extreme Networks admits that the ’904 Patent is entitled “Method for Contention Free Traffic Detection” and May 20, 2014 is listed as the reissuance date on the face of the ’904 Patent. Extreme Networks otherwise denies the allegations in paragraph 17 of the Complaint.

18. Paragraph 18 contains legal conclusions to which no answer is required. If an answer is required, Extreme Networks admits paragraph 18 includes statements where Plaintiff cites the specification of the ’904 Patent for support. Extreme Networks otherwise denies the allegations in paragraph 18 of the Complaint, and specifically denies any claim of the ’904 Patent is inventive or novel.

19. Paragraph 19 contains legal conclusions to which no answer is required. If an answer is required, Extreme Networks lacks knowledge or information sufficient to admit the truth of the assignee or owner of all right, title, and interest in and to the Patents-in-Suit and, therefore denies the same.

20. Extreme Networks denies the allegations in paragraph 20 of the Complaint.

## ALLEGED NOTICE

21. Extreme Networks admits it received an email dated February 24, 2020 from IPinvestments Group, charged with monetizing patents purportedly owned by CommWorks, enclosing a letter dated February 21, 2020 also from IPinvestments Group. Extreme Networks admits that the letter listed the Patents-in-Suit in a multi-page appendix that included more than 150 patents. Extreme Networks admits that the letter requested a discussion regarding licensing. Extreme Networks otherwise denies the allegations in paragraph 21 of the Complaint.

22. Extreme Networks admits it received an email dated March 9, 2020 from IPinvestments Group that referred to the letter dated February 21, 2020 and the email dated February 24, 2020. Extreme Networks otherwise denies the allegations in paragraph 22 of the Complaint.

23. Extreme Networks admits it received an email dated June 16, 2020 from IPinvestments Group that requested licensing discussions regarding the CommWorks portfolio. Extreme Networks otherwise denies the allegations in paragraph 23 of the Complaint.

24. Extreme Networks admits it received an email dated September 11, 2020 from Dmitry Kheyfits with sample claim charts for each Patent-in-Suit. Extreme Networks otherwise denies the allegations in paragraph 24 of the Complaint.

**COUNT I: ALLEGED INFRINGEMENT OF THE '249 PATENT BY EXTREME NETWORKS**

25. No response is required to paragraph 25 of the Complaint. If a response is required, Extreme Networks incorporates each of its responses in the foregoing paragraphs, as though fully set forth herein.

26. Extreme Networks denies the allegations in paragraph 26 of the Complaint.

27. Extreme Networks admits that paragraph 27 references the ExtremeRouting CER 2000 Series devices. Extreme Networks admits paragraph 27 includes statements where Plaintiff cites an ExtremeRouting CER 2000 Series data sheet or a document titled "Fast Reroute Extensions to RSVP-TE for LSP Tunnel" for support. Extreme Networks otherwise denies the allegations in paragraph 27 of the Complaint.

28. Extreme Networks denies the allegations in paragraph 28 of the Complaint.

29. Extreme Networks denies the allegations in paragraph 29 of the Complaint.

30. Extreme Networks denies the allegations in paragraph 30 of the Complaint.

## COUNT II: ALLEGED INFRINGEMENT OF THE ’465 PATENT BY EXTREME NETWORKS

31. No response is required to paragraph 31 of the Complaint. If a response is required, Extreme Networks incorporates each of its responses in the foregoing paragraphs, as though fully set forth herein.

32. Extreme Networks denies the allegations in paragraph 32 of the Complaint.

33. Extreme Networks admits that paragraph 33 references the ExtremeWireless AP560 Series Access Point. Extreme Networks admits paragraph 33 includes statements where Plaintiff cites several exhibits to the Complaint for support. Extreme Networks otherwise denies the allegations in paragraph 33 of the Complaint.

34. Extreme Networks admits that paragraph 34 includes statements where Plaintiff cites several exhibits to the Complaint for support. Extreme Networks specifically denies it has performed each step of any of the asserted method claims in the United States. Extreme Networks otherwise denies the allegations in paragraph 34 of the Complaint.

35. Extreme Networks admits that paragraph 35 includes statements where Plaintiff cites several exhibits to the Complaint for support. For example, Extreme Networks admits that Exhibit 6 to the Complaint shows an Extreme Networks web page titled “Network Infrastructure as-a-Service (NIaaS).” Extreme Networks also admits paragraph 35 includes accurate quotes from certain exhibits to the Complaint. Extreme Networks otherwise denies the allegations in paragraph 35 of the Complaint.

36. Extreme Networks denies the allegations in paragraph 36 of the Complaint.

37. Extreme Networks denies the allegations in paragraph 37 of the Complaint.

38. Extreme Networks denies the allegations in paragraph 38 of the Complaint.

**COUNT III: ALLEGED INFRINGEMENT OF THE '664 PATENT BY EXTREME NETWORKS**

39. No response is required to paragraph 39 of the Complaint. If a response is required, Extreme Networks incorporates each of its responses in the foregoing paragraphs, as though fully set forth herein.

40. Extreme Networks denies the allegations in paragraph 40 of the Complaint.

41. Extreme Networks admits that paragraph 41 includes statements where Plaintiff cites several exhibits to the Complaint for support. Extreme Networks otherwise denies the allegations in paragraph 41 of the Complaint.

42. Extreme Networks admits that paragraph 42 includes statements where Plaintiff cites several exhibits to the Complaint for support. Extreme Networks specifically denies it has performed each step of any of the asserted method claims in the United States. Extreme Networks otherwise denies the allegations in paragraph 42 of the Complaint.

43. Extreme Networks admits that paragraph 43 includes statements where Plaintiff cites Exhibits 6-7 to the Complaint for support, and admits that these exhibits relate to Extreme Networks' offering of Network Infrastructure as a Service. Extreme Networks otherwise denies the allegations in paragraph 43 of the Complaint.

44. Extreme Networks denies the allegations in paragraph 44 of the Complaint.

45. Extreme Networks denies the allegations in paragraph 45 of the Complaint.

46. Extreme Networks denies the allegations in paragraph 46 of the Complaint.

**COUNT IV: ALLEGED INFRINGEMENT OF THE '904 PATENT BY EXTREME NETWORKS**

47. No response is required to paragraph 47 of the Complaint. If a response is required, Extreme Networks incorporates each of its responses in the foregoing paragraphs, as though fully set forth herein.

48. Extreme Networks denies the allegations in paragraph 48 of the Complaint.

49. Extreme Networks admits that paragraph 49 includes statements where Plaintiff cites several exhibits to the Complaint for support, and admits that at least some of these exhibits reference the ExtremeWireless AP560 Series Access Point. Extreme Networks otherwise denies the allegations in paragraph 49 of the Complaint.

50. Extreme Networks admits that paragraph 50 includes statements where Plaintiff cites several exhibits to the Complaint for support. Extreme Networks specifically denies it has performed each step of any of the asserted method claims in the United States. Extreme Networks otherwise denies the allegations in paragraph 50 of the Complaint.

51. Extreme Networks admits that paragraph 51 includes statements where Plaintiff cites several exhibits to the Complaint for support. For example, Extreme Networks admits that Exhibit 6 to the Complaint shows an Extreme Networks web page titled "Network Infrastructure as-a-Service (NIaaS)." Extreme Networks also admits paragraph 51 includes accurate quotes from certain exhibits to the Complaint. Extreme Networks otherwise denies the allegations in paragraph 51 of the Complaint.

52. Extreme Networks denies the allegations in paragraph 52 of the Complaint.

53. Paragraph 53 contains legal conclusions to which no answer is required. If an answer is required, Extreme Networks denies the allegations in paragraph 53 of the Complaint.

**PRAYER FOR RELIEF**

54. Extreme Networks denies that CommWorks is entitled to any relief sought in the Complaint or any relief whatsoever, including the purported relief set out in (A) through (G) of CommWorks's Prayer for Relief.

**JURY DEMAND**

55. No response is required to Demand for Jury Trial at the end of Complaint. If an answer is required, Extreme Networks respectfully demands a trial by jury for all issues so triable.

**GENERAL DENIAL**

56. Extreme Networks denies each and every allegation contained in the Complaint to which it has not specifically responded to or expressly admitted above.

**DEFENSES**

57. Extreme Networks alleges and asserts at least the following defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, Extreme Networks specifically reserve all rights to allege additional defenses, including affirmative defenses that become known through the course of discovery.

**FIRST DEFENSE**

**(Non-infringement of the '249 Patent)**

58. Extreme Networks is not infringing and has not infringed any claim of the '249 Patent, either literally or under the doctrine of equivalents, or under any theory of infringement.

**SECOND DEFENSE**

**(Non-infringement of the ’465 Patent)**

59. Extreme Networks is not infringing and has not infringed any claim of the ’465 Patent, either literally or under the doctrine of equivalents, or under any theory of infringement.

**THIRD DEFENSE**

**(Non-infringement of the ’664 Patent)**

60. Extreme Networks is not infringing and has not infringed any claim of the ’664 Patent, either literally or under the doctrine of equivalents, or under any theory of infringement.

**FOURTH DEFENSE**

**(Non-infringement of the ’904 Patent)**

61. Extreme Networks is not infringing and has not infringed any claim of the ’904 Patent, either literally or under the doctrine of equivalents, or under any theory of infringement.

**FIFTH DEFENSE**

**(Invalidity of the ’249 Patent)**

62. One or more claims of the ’249 Patent are invalid for failure to comply with one or more requirements of Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, 112, and/or 116, and the rules and regulations, and laws pertaining thereto.

**SIXTH DEFENSE**

**(Invalidity of the ’465 Patent)**

63. One or more claims of the ’465 Patent are invalid for failure to comply with one or more requirements of Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, 112, and/or 116, and the rules and regulations, and laws pertaining thereto.

**SEVENTH DEFENSE**

**(Invalidity of the '664 Patent)**

64. One or more claims of the '664 Patent are invalid for failure to comply with one or more requirements of Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, 112, and/or 116, and the rules and regulations, and laws pertaining thereto.

**EIGHTH DEFENSE**

**(Invalidity of the '904 Patent)**

65. One or more claims of the '904 Patent are invalid for failure to comply with one or more requirements of Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, 112, and/or 116, and the rules and regulations, and laws pertaining thereto.

**NINTH DEFENSE**

**(Equitable Defenses)**

66. CommWorks' claims are barred, in whole or in part, by equitable doctrines, including the doctrines of prosecution laches, waiver, disclaimer, acquiescence, and/or estoppel, including equitable estoppel.

**TENTH DEFENSE**

**(Prosecution History Estoppel)**

67. CommWorks' claims are barred, in whole or in part, by the doctrine of prosecution history estoppel.

**ELEVENTH DEFENSE**

**(Limitations on Enhanced Damages, Recovery of Fees, Damages (Time Limit and Marking), and Costs)**

68. CommWorks is not entitled to enhanced damages, including treble damages, under 35 U.S.C. § 284, to recovery of attorney fees associated with this action under 35 U.S.C. § 285, to damages statutorily limited under 35 U.S.C. § 286, to damages prior to the

commencement of this action under 35 U.S.C. § 287, or to costs associated with this action under 35 U.S.C. § 288.

Dated: February 20, 2024

Respectfully submitted,

*/s/ Paige A. Amstutz*

Paige A. Amstutz
State Bar No. 00796136
SCOTT DOUGLASS & McCONNICO LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Tel: (512) 495-6300
Fax: (512) 495-6399
pamstutz@scottdoug.com

Richard G. Frenkel (*pro hac vice pending*)
Latham & WATKINS, LLP
140 Scott Drive
Menlo Park, CA 94025
Tel: (650) 328-4600
Fax: (650) 463-2600
rick.frenkel@lw.com

Benjamin J. Behrendt
State Bar No. 24130704
Latham & Watkins, LLP
300 Colorado Street, Suite 2400
Austin, Texas 78701-2589
Ph: (737) 910-7300
Fax: (737) 910-7301
benjamin.behrendt@lw.com

*Attorneys for Defendant Extreme Networks, Inc.*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on February 20, 2024, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Paige A. Amstutz*
Paige A. Amstutz